**LEWIS AND ROCA LLP — LAWYERS**

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Stephen M. Bressler, State Bar No. 09032
  Direct Dial: (602) 262-5376
  Direct Fax: (602) 734-3742
  Email: SBressler@LRLaw.com

Attorneys for Plaintiff
Metropolitan Life Insurance Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Metropolitan Life Insurance Company, )<br>                                   )<br>                         Plaintiff, )<br>                                   )<br>        vs.                        )<br>                                   )<br>Rosina Reynolds and Marlene Reynolds, )<br>                                   )<br>                         Defendants. ) | No.<br><br>**INTERPLEADER COMPLAINT** |

Plaintiff Metropolitan Life Insurance Company ("MetLife") for its interpleader complaint alleges:

## PARTIES

1.  Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the State of Arizona.

2.  Upon information and belief, defendant Rosina Reynolds is an ex-spouse of Michael Reynolds (the "Decedent"), and she resides in Alto, New Mexico.

3.  Upon information and belief, defendant Marlene Reynolds is an ex-spouse of the Decedent, and she resides in Scottsdale, Arizona.

## JURISDICTION AND VENUE

4.  This Court has original jurisdiction over this action pursuant to 29 U.S.C §1132(e)(1) and 28 U.S.C. §1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of

Civil Procedure. This Court also has jurisdiction pursuant to 28 U.S.C. §1335 because two of more adverse claimants of diverse citizenship are claiming entitlement to life insurance benefits in Plaintiff's custody, the value of which exceeds $500.00.

5. Venue is proper pursuant to 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

6. The Decedent was an employee of Alcatel-Lucent and a participant in the Alcatel-Lucent Group Life Insurance Plan for Retired Employees (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Alcatel-Lucent, and funded by a group life insurance policy issued by MetLife.

7. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

8. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

9. The Plan's Summary Plan Description ("SPD") establishes, at page 6, the right of a Plan participant to name his or her beneficiary, and states that benefits will be paid to the beneficiary. A true and correct copy of the SPD is attached hereto as Exhibit A.

10. The only beneficiary designation form on file with the Plan for the Decedent is dated May 6, 2003 and names Rosina Reynolds as the sole beneficiary of the life insurance benefits. A true and correct copy of the May 6, 2003 beneficiary designation form is attached hereto as Exhibit B.

11. The Decedent died on May 1, 2012. A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit C (with the social security number redacted).

3549016.1

12. At the time of his death, the Decedent was enrolled under the Plan for life insurance coverage in the total amount of One Hundred Sixty One Thousand One Hundred Dollars ($161,100) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

13. The Decedent and Marlene Reynolds were divorced on November 1, 1990, pursuant to a Decree of Dissolution of Marriage ("Divorce Decree") filed in the Superior Court of the State of Arizona, Maricopa County.  A true and correct copy of the Divorce Decree is attached hereto as Exhibit D.

14. In a letter dated May 17, 2012 to MetLife, Marlene Reynolds claimed she was entitled to the death benefit.  She attached a Marital Settlement Agreement dated October 1, 1990 ("Settlement Agreement"), which was incorporated into the Divorce Decree.  The Settlement Agreement, at page 2, states:

> Husband agrees to obtain and maintain, through his employment or otherwise, life insurance on his life with coverage in the amount of $197,000.00, and to name Wife as the beneficiary of that life insurance.

A true and correct copy of the May 17, 2012 letter with attached Settlement Agreement is attached hereto as Exhibit E.

15. On July 19, 2012, Nancy Mangone, counsel for Rosina Reynolds, wrote MetLife asserting that her client was entitled to the life insurance benefits and asked MetLife to make a distribution to Rosina Reynolds.  A true and correct copy of the July 19, 2012 letter (without attachments) is attached as Exhibit F.

16. On or about July 26, 2012, Rosina Reynolds completed a statement of claim for the Plan Benefits. A true and correct copy of Rosina Reynolds's statement of claim is attached hereto as Exhibit G.

17. MetLife cannot determine whether a court in the Ninth Circuit would determine that the Divorce Decree is a Qualified Domestic Relations Order ("QDRO").

18. If a court were to determine that the Divorce Decree is a QDRO, then the Plan Benefits would be payable to Marlene Reynolds.

3549016.1

19. If a court were to determine that the Divorce Decree is not a QDRO, then the Plan Benefits would be payable to Rosina Reynolds, based on the May 6, 2003, beneficiary designation form.

20. By letter dated May 30, 2012, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave Defendants an opportunity to try to resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. Upon information and belief, no agreement was reached. A true and correct copy of the May 30, 2012 letter is attached hereto as Exhibit H.

21. MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits at issue without risking exposure of itself, the Plan, and Alcatel-Lucent to double liability.

22. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

23. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

24. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, Alcatel-Lucent, or the Plan for the recovery of Plan Benefits, plus any applicable interest by reason of the death of the Decedent;

3549016.1



    (ii)    Requiring that Defendants litigate or settle and agree between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

    (iii)    Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus any applicable interest;

    (iv)    Dismissing MetLife with prejudice from this action and discharging MetLife, Alcatel-Lucent, and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

    (v)    Awarding MetLife its costs and attorney's fees; and

    (vi)    Awarding MetLife such other and further relief as this Court deems just equitable and proper.

DATED this 24th day of June, 2013.

LEWIS AND ROCA LLP


By */s/ Stephen M. Bressler*
    Stephen M. Bressler
Attorneys for Plaintiff
Metropolitan Life Insurance Company

3549016.1