1  WO

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Metropolitan Life Insurance Company,    No. CV-13-01253-PHX-BSB

10                    Plaintiff,    **ORDER**

11  v.

12  Rosina Reynolds and Marlene Reynolds,

13                    Defendants.

14

15         Plaintiff Metropolitan Life Insurance Company (MetLife) has filed a motion in

16  this interpleader action requesting: (1) an order directing the Clerk of Court to accept the

17  $161,100.00 Plan Benefits at issue for placement in an interest bearing account;[1] (2) an

18  order enjoining Defendants from initiating any action or proceeding in any federal or

19  state court against MetLife for the recovery of Plan Benefits by reason of the death of

20  Michael Reynolds; (3) an order dismissing MetLife with prejudice from this action and

21  discharging it from any further liability upon payment of the Plan Benefits into the

22  registry of this Court; and (4) an order awarding MetLife its costs and reasonable

23  attorneys' fees incurred in bringing this interpleader action.  (Doc. 23.)

24  _____

25         [1]  Plaintiff's motion identifies the Plan Benefits as $161,000.00 (Doc. 23 at 1, 2, 4,
    5), $161,100.00 (*Id*. at 2), and $168,000.00 (*Id*. at 6). However, the Complaint and the
26  Rule 26(f) Joint Case Management Report state that the Plan Benefits are $161,100.00.
    Because the amount of the Plan Benefits is not identified as a disputed issue in the Joint
27  Case Management Report, the Court uses the $161,100.00 figure that appears in the
    Complaint and the Joint Case Management Report.  (Doc. 1¶12; Doc. 22 at 2.)
28

1    Although Defendants Rosina Reynolds and Marlene Reynolds have not
2    specifically responded to the pending motion, the Rule 26(f) Joint Case Management
3    Report indicates that they do not object to the Court ordering MetLife to deposit the Plan
4    Benefits plus accrued interest into the Court's registry and dismissing MetLife from this
5    action.  (Doc. 22 at 3-4.)  Accordingly, the Court will consider, without requiring further
6    briefing, whether to direct MetLife to deposit the disputed funds into the Court's registry,
7    whether to dismiss MetLife from this lawsuit, and whether to enjoin Defendants from
8    initiating further litigation against MetLife regarding the disputed funds.  Additionally,
9    MetLife states that counsel for each Defendant has advised that they do not object to
10   MetLife's request for attorneys' fees and costs.  (Doc. 23 at 5.)  Thus, the Court will also
11   consider the request for attorneys' fees and costs without additional briefing.

12   **I.      Background**

13   On June 24, 2013, MetLife filed the Complaint in interpleader pursuant to 28
14   U.S.C. § 1335 and Federal Rule of Civil Procedure 22, requesting that this Court
15   determine the rightful beneficiary of an insurance policy.  (Doc. 1.)  MetLife named
16   Rosina Reynolds and Marlene Reynolds as Defendants.  MetLife asserts that Decedent
17   Michael Reynolds was an employee of Alcatel-Lucent and a participant his employer's
18   Group Life Insurance Plan for Retired Employees (the Plan), an ERISA regulated
19   employee welfare benefit plan sponsored by Alcatel-Lucent and funded by a group life
20   insurance policy issued by MetLife.

21   Upon Decedent's death on May 1, 2012, life insurance proceeds became payable
22   in the amount of $161,100.00 (the Plan Benefits).  (Doc. 1 ¶¶ 11, 12.)  According to the
23   terms of the Plan, MetLife must pay benefits to the Decedent's named beneficiary, who is
24   his ex-wife Rosina Reynolds.  She asserted a claim for the Plan Benefits on July 19,
25   2012. (Doc. 1 ¶¶ 12, 16.)  Defendant Marlene Reynolds, also an ex-wife of the Decedent,
26   asserted a claim to the Plan Benefits on May 17, 2012.  (Doc. 1 ¶ 14.)  Her claim is based
27   on a November 1, 1990 Marital Settlement Agreement incorporated into her Decree of
28   Dissolution of Marriage that required the Decedent to "obtain and maintain, through his

1   employment or otherwise, life insurance on his life with coverage in the amount of

2   $197,000.00, and to name [Marlene Reynolds] as the beneficiary of that life insurance."

3   (Doc. 22 at 3.)   Marlene Reynolds asserts that the November 1, 1990 Decree of

4   Dissolution pre-empts the Plan beneficiary designation and, therefore, she is entitled to

5   the Plan Benefits.  (*Id.*)

6        MetLife filed this interpleader action because of these competing claims to the

7   Plan Benefits.  In the pending motion, MetLife seeks an order permitting it to deposit the

8   disputed Plan Benefits with the Clerk of Court, dismissing MetLife from the action with

9   prejudice upon deposit of the Plan Benefits, enjoining Defendants from commencing or

10  prosecuting any other action regarding the policy benefit on the life of Mr. Reynolds in

11  any other federal or state court, and awarding MetLife its attorneys' fees and costs

12  incurred in this action.[2]  (Doc. 1 at 4-5.)

13  **II.    Legal Standards and Analysis**

14       "Interpleader is a procedural device used to resolve conflicting claims to money or

15  property.  It enables a person or entity in possession of a tangible res or fund of money

16  (the stakeholder) to join in a single suit two or more claimants asserting mutually

17  exclusive claims to that stake."  *Nevada v. Pioneer Cos., Inc.*, 245 F Supp.2d 1120, 1125

18  (D. Nev. 2003) (quoting 4 James Wm. Moore, et al., *Moore's Federal Practice*

19  § 22.02[1] (3d ed 2002)).  An interpleader action avoids the issue of multiple, conflicting

20  claims to a single fund by forcing the "claimants" to a limited amount of money to

21  resolve their potentially adverse claims simultaneously before the same judge.  *See State*

22  *Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523.  (1967).  An "[i]nterpleader's primary

23  purpose is not to compensate, but rather to protect stakeholders from multiple liability as

---

25       [2]  MetLife also seeks an order "that upon the defendants' failure to litigate or settle
26  or agree between themselves their claims for the Plan Benefits, that this Court should
    settle and adjust their claims and determine to whom the Plan Benefits should be paid."
27  (Doc. 23 at 1.)  An order to this effect is unnecessary because, if MetLife establishes that
    interpleader is appropriate, the Court will adjudicate Defendants' competing claims to the
28  interplead funds, and the action will proceed as any other civil action.  *See Wells Fargo*
    *Bank v. Magellan Owners Assoc.*, 2010 WL 46794, at *2 (D. Ariz. Jan. 4, 2010)
    (discussing the procedure for interpleader actions).

1    well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d

2    1030, 1034 (9th Cir.2000).

3        An interpleader action usually proceeds in two stages.  At the first stage, the court

4    determines whether the interpleader action is appropriate.  If so, then the court may order

5    the plaintiff to deposit the disputed funds, discharge the plaintiff, and direct the claimants

6    to interplead.  At the second stage, the court adjudicates the defendants' competing

7    claims to the interplead funds, and the action usually proceeds as any other civil action.

8    *See Wells Fargo Bank*, 2010 WL 46794, at *2 (discussing procedure for interpleader

9    action).  The second stage is usually resolved when the district court enters judgment in

10   favor of a defendant who is legally entitled to the interplead funds.  *Id.* (citing *Diamond*

11   *Shamrock Oil & Gas Corp. v. Comm'r of* Revenues, 422 F.2d 532, 534 (8th Cir. 1970)).

12       Here, MetLife has submitted evidence that it faces exposure to multiple liability

13   (Doc. 1, Exs. E, G) and has averred that it is a disinterested party with no claim to the

14   insurance proceeds.  Because each Defendant asserts that she is entitled to the insurance

15   proceeds that are due as a result of Mr. Reynolds's death, MetLife cannot distribute the

16   proceeds without exposing itself to liability or litigation.  Exposure to multiple claims for

17   the proceeds of any ERISA benefit plan is a type of action for which interpleader is

18   appropriate.  *See Trs of the Dirs. Guild of America-Producer Pension Benefits Plan v.*

19   *Tise*, 234 F.3d 415, 426 (9th Cir. 2000).  Thus, MetLife has established its right to

20   interplead.

21       **A.    Deposit of Disputed Funds**

22       A statutory interpleader action, brought pursuant to 28 U.S.C. § 1335 as in this

23   case, is "commenced . . . the date when the interpleader fund is deposited with Court."  *In*

24   *Re Enron Corp. Sec., Derivative & ERISA Litig.*, 391 F. Supp. 2d 541, 563 (S.D. Tex.

25   2005) (citing *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir.1976) ("The

26   deposit requirement is a jurisdictional prerequisite to a suit under the interpleader statute.

27   28 U.S.C. § 1335")); 28 U.S.C. § 1335(a)(2).  Accordingly, MetLife requests a Court

28

order permitting it to deliver the disputed funds to the Clerk of Court for deposit in the Court's registry.  (Doc. 23 at 4.)

Federal Rules of Civil Procedure 67 provides that when any part of the relief sought is a sum of money, a party may deposit the money with the court "on notice to the other party."  Fed. R. Civ. P. 67(a).  MetLife has provided Defendants with notice and they do not object to MetLife depositing the funds with the Court.  (Doc. 22 at 3-4.) Accordingly, upon consideration of Plaintiff's request to deposit funds and, as authorized by Rule 67 and LRCiv 67.1, the Court grants Plaintiff's request.  MetLife may deliver to the Clerk of Court for deposit in the Court's registry the disputed Plan Benefits in the amount of $161,100.00, plus any accrued interest, payable as a consequence of the death of Mr. Reynolds and as identified in the Complaint.  The Clerk of Court shall place such funds in an interest bearing account pursuant to LRCiv 67.1(b).

Upon MetLife's delivery of the disputed funds to Clerk of Court, MetLife will have satisfied the jurisdictional prerequisites for a statutory interpleader action.  *See* 28 U.S.C. 1335.  First, MetLife commenced this civil action because it has possession of money with a value of more than $500.00, specifically the Plan Benefits of $161,100.00 *See* 28 U.S.C. § 1335(a).  Second, there is no dispute that the two adverse claimants have diverse citizenship.  *See* 28 U.S.C. § 1335(a)(1) (requiring adverse citizenship between two or more adverse claimants); *see also Blackmon Auctions*, *Inc. v. Van Buren Truck Ctr., Inc*., 901 F. Supp. 287, 289 (W.D. Ark. 1995) ("The Federal Interpleader Act provides an independent basis for federal jurisdiction when there is minimal diversity between the claimants, *i.e.*, when at least two of the claimants are citizens of different states.").  Rosina Reynolds is a resident of Alto, New Mexico, and Marlene Reynolds is a resident of Arizona.  (Doc. 1; Doc. 22 at 5.)  Third, pursuant to this Order, MetLife will deposit the insurance proceeds at issue into the registry of the Court.  *See* 28 U.S.C. § 1335(a)(2).    Therefore, MetLife will have satisfied the jurisdictional

1    prerequisites of 28 U.S.C. § 1335 upon the deposit of the disputed funds with the Clerk of

2    Court.[3]

3              **B.    Dismissal of Interpleader Plaintiff and Injunctive Relief**

4              MetLife also seeks an order dismissing it from this action and enjoining

5    Defendants from initiating further litigation regarding the disputed Plan Benefits.  The

6    Court grants the requested relief as discussed below.

7              When the jurisdictional prerequisites of 28 U.S.C. § 1335 are satisfied, "'[t]he

8    court should readily grant discharge of the [disinterested] stakeholder.'"  *Wells Fargo*,

9    2010 WL 46794, at *4 (quoting *Moore's Federal Practice* § 22.03(2)(a); § 22.04(6)(b)

10   ("Once a disinterested stakeholder deposits the stake with the court, the stakeholder

11   should be dismissed from the action."))  "The law normally regards the plaintiff in an

12   interpleader action as having been discharged of full responsibility regarding the

13   interpleaded funds when the funds have been paid into the registry of the court and the

14   parties have had notice and opportunity to be heard."  *Central Bank of Tampa v. United*

15   *States*, 838 F. Supp. 564, 567 (M.D. Fla. 1993) (internal citations omitted).

16             Accordingly, once MetLife appropriately deposits all of the disputed funds with

17   the Clerk of Court, the Court will dismiss MetLife from this action and enter the

18   requested injunctive relief pursuant to 28 U.S.C. § 2361.  *See Star Ins. Co. v. Cedar*

19   *Valley Express, LLC,* 273 F.Supp.2d at 43–44 (D. D.C. Sept. 18, 2002) (noting that the

20   _____

21             [3]   The Complaint invokes both § 1335 and Rule 22.  Because the Plan at issue is
     governed by ERISA, this Court also has jurisdiction over a Rule 22 interpleader action.
22   *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000) (a party seeking
     to bring a federal interpleader action under Rule 22 must establish statutory jurisdiction).
23   However, because MetLife requests injunctive relief under 28 U.S.C.§ 2361, which is
     only applicable to statutory interpleader actions, the Court considers this action as a
24   statutory interpleader action under 28 U.S.C. § 1335.  *See Metro. Life Ins. Co. v. Probst*,
     2009 WL 3740775, at *1 (D. Ariz. Nov. 6, 2009) (stating that § 2361 only applies to
25   statutory interpleader actions).  Although courts have used the All Writs Statute, 28
     U.S.C. § 1651, to enjoin defendants in Rule 22 interpleader actions from bringing future
26   proceedings regarding the same claim in federal or state court, Plaintiff's motion does not
     address the standards for entering injunctive relief under § 1651.  *See New York Life Ins.*
27   *Co. v. Deshotel*, 142 F.3d 873, 879 (9th Cir. 1998) (Under the All Writs Statute, a federal
     court in a Rule 22 action has the power to issue an injunction enjoining the parties from
28   relitigating the same issues in federal court); *Trs. of the ILPWU-PMA Pension Plan v.*
     *Coates*, 2013 WL 556800, at 87-8 (N.D. Cal. Feb. 12, 2013) ("the All Writs Statute may
     be used to enjoin parties from relitigating the same issues or claims before state courts.").

1   policy considerations underlying the interpleader statute, including protecting the
2   stakeholder from the expense of multiple lawsuits and from double liability, support the
3   entry of injunctive relief).

4   **III.   Attorneys' Fees and Costs**

5          Finally, MetLife seeks an award of attorneys' fees and costs.  Counsel for MetLife
6   has submitted billing invoices including time entries in support of its request for
7   attorneys' fees in the amount of $3,307.20.  (Doc. 23, Ex. A.)  The Court will award
8   attorneys' fees for the time entries attached to MetLife's motion, which total the
9   requested amount.  *See Schirmer Stevedoring Co., LTD. v. Seaboard Stevedoring Corp.*,
10  306 F.2d 188, 194 (9th Cir. 1962) (holding that the proper rule in an interpleader case
11  with a disinterested plaintiff is for the plaintiff to be awarded attorneys' fees for the
12  services of his attorneys in interpleading).

13         After reviewing the time entries, the Court finds that MetLife's attorneys charged
14  a reasonable rate and spent a reasonable amount of time working on this interpleader
15  action.  *See Trs. of Directors Guild*, 234 F.3d at 426-26 (interpleader plaintiff is properly
16  awarded attorneys' fees for fees that are incurred in filing the action and pursuing the
17  plan's release from liability).   The Court, therefore, awards MetLife $3,307.20 in
18  attorneys' fees to be paid from the sum that will be deposited with the registry of the
19  Court in this case.  *See Id.* at 427 (attorney's fees awarded to the disinterested stakeholder
20  in an interpleader action are paid from the interpleaded fund); *CUNA Mut. Ins. Soc. v.*
21  *Carrillo*, 2009 WL 1383283, at *1 (D. Ariz. May 18, 2009) (awarding stakeholder in an
22  interpleader action $7,566.00 in attorneys' fees to be paid from the sum deposited with
23  the court).

24         MetLife also seeks an award of $447.05 for costs including postage, the filing fee,
25  and copying.  (Doc. 23, Ex. 1.)  Whether to award the disinterested stakeholder costs in
26  an interpleader action is within the court's discretion.  *Gelfgren v. Republic Nat'l Life Ins.*
27  *Co.*, 680 F.2d 79, 81 (9th Cir. 1982).  Here, MetLife's request for costs is reasonable and
28  Defendants indicated that they do not object to those costs.  (Doc. 23 at 5); *see Schirmer*

- 7 -

*Stevedoring*, 306 F.2d at 194 (ordinarily a stakeholder may be awarded fees and costs related to preparing and filing the complaint in the interpleader, securing a court order restraining further prosecution against the stakeholder, and preparing the details of the stakeholder's accounting); *Allianz Life Ins. v. Agorio*, 852 F. Supp. 2d 1163, 1170 (N.D. Cal. 2012) (awarding interpleader stakeholder costs for research, filing and service expenses).  Accordingly, the Court exercises its discretion to award MetLife its requested costs.

Accordingly,

**IT IS ORDERED** that MetLife's motion to deposit the disputed Plan Benefits in the Court's registry (Doc. 23) is **GRANTED**.  MetLife must deposit the Plan Benefits, together with any interest accrued up to the date of such deposit, in compliance with LRCiv 67.1(a).

**IT IS FURTHER ORDERED** that MetLife's motion for an order dismissing it from this action and entering injunctive relief (Doc. 23) is **GRANTED** such that when the disputed funds are deposited with the Clerk of Court, MetLife will be dismissed from this action and Rosina Reynolds and Marlene Reynolds will be permanently enjoined from instituting any action or proceeding in any federal or state court against MetLife or the Alcatel-Lucent Group Life Insurance Plan for Retired Employees for the recovery of the Plan Benefits by reason of the death of Michael Reynolds.

**IT IS FURTHER ORDERED** that MetLife's motion for attorneys' fees (Doc. 23) is **GRANTED** and that MetLife is awarded $3,307.20 in attorneys' fees.  After MetLife has deposited the disputed funds with the Court, the award of attorneys' fees will be paid out of the sum that MetLife deposited.

**IT IS FURTHER ORDERED** that MetLife's request for an award of costs is **GRANTED** and that MetLife is awarded $447.05 in costs.  After MetLife has deposited the disputed funds with the Court, the costs will be paid out of the interpleaded funds that MetLife deposited.

1     **IT IS FURTHER ORDERED** that MetLife is excused from attending the Rule

2   16 Case Management Conference set for November 20, 2013 (Doc. 21).

3          Dated this 15th day of November, 2013.

4

5

6   _____

7                     Bridget S. Bade
                United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28